IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ANDERSON,<br><br>              Petitioner,<br><br>vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano<br><br>              Respondent. | No. 2:08-cv-00540-TMB<br><br>MEMORANDUM DECISION |

     Petitioner Carl Anderson, a state prisoner appearing through counsel, has petitioned for a writ of habeas corpus under 28 U.S.C. 2254.  Anderson is presently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano, California.  Anderson is serving an indeterminate sentence of 15 years to life.

I. BACKGROUND/PRIOR PROCEEDINGS

     Anderson was issued a citation for violation of California Code of Regulations, title 15, § 3005 regarding a threatening handwritten letter.  Although he admitted mailing the letter, Anderson denied that he had written it.  After a hearing in August 2005 Anderson was found guilty.  During the course of the disciplinary proceedings Anderson requested that he be provided a copy of the threatening letter.  This request was refused and, according to Anderson, he has never received a copy.  Anderson exhausted his administrative appeals and timely filed a petition for habeas corpus relief in the California Superior Court, which denied his petition in a reasoned decision.  Anderson then filed identical petitions in the California Court of Appeals and the California Supreme Court, both of which summarily denied his petitions without opinion or citation to authority.  The California Supreme Court denied his petition on October 30, 2007.

     Anderson timely filed his petition for relief in this Court on March 10, 2008.

## II.  GROUNDS/DEFENSES

In his petition Anderson raises a single ground: that the failure of the prison authorities to provide him with a copy of the handwritten letter violated his due process rights by denying him the ability to present an effective defense, *i.e.*, that he did not write the letter.  Respondent has asserted no affirmative defenses.

## III.  STANDARD OF REVIEW

Because Anderson filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[1]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[2]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[3]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[4]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[5]  Finally, in a federal habeas proceeding, the standard under which this Court must

---

[1] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[2] *Williams v. Taylor*, 529 U.S. at 412.

[3] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[4] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[5] *Schriro v. Landrigan*, 550 U.S. ___, ___, 127 S.Ct. 1933, 1939 (2007).

assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[6]

In applying this standard, this Court reviews the last reasoned decision by the state court,[7] which in this case was that of the California Superior Court.[8]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[9]

## IV.  DISCUSSION

Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights due a defendant in such a proceeding does not apply.[10]  In the context of prison disciplinary proceedings the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken,[11] and (4) the findings must be supported by some evidence in the record.[12]  Inmates do not, however, have a right of confrontation and cross-examination.[13]

The Rules Violation Report (RVR) submitted by the reporting officer stated that the reporting officer "[b]ased upon my training and experience, the handwriting on the anonymous note is consistent with the handwriting from the known handwriting exemplars from Anderson." Anderson argues that because of this he should have been furnished a copy of the letter.  The

---

[6] *Fry v. Pliler*, 551 U.S. ___, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[7] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

[8] The decision of the California Superior Court is set forth in the Appendix.

[9] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[10] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[11] *Id.*, 418 U.S. at 563–66.

[12] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[13] *Wolff*, 418 U.S. at 567.

fatal flaw in Anderson's position is, as noted by the California Superior Court, that this was not part of the evidence relied upon by the Senior Hearing Officer ("SHO") in assessing Anderson's guilt.

> PLEA:  SHO read the report aloud to ANDERSON and informed him of the possible consequences if there is a finding of guilt.  ANDERSON stated he understood the charges and possible consequences.  ANDERSON then pled not guilty.
>
> INMATE STATEMENT:  ANDERSON stated  "The evidence is lacking. I do not have the handwriting examples to compare to the note.  I do admit to mailing the letter, but I did not write the note."
>
> FINDINGS:  Found guilty of violating CCR §3005 (c) Threaten to Stab Peace Officer.  This finding is based on:
>
> A.  The Rules Violation Report (CDC-115) submitted by O.A. HJERRILD, wherein it states that an anonymous handwritten note on an "Inmate Request for Interview" was discovered threatening to kill Officer P. Gorey. On 06/10/2005 Officer HJERRILD received notification from the Department of Justice that the fingerprints of Inmate ANDERSON were on the note.
>
> B.  ANDERSON's partial admission at the time of the hearing wherein he stated in part, "I do admit to mailing the letter, but I did not write the note."
>
> C.  The Physical Evidence Examination Report which clearly indicates Inmate ANDERSON's fingerprints were on the note.
>
> This constitutes a preponderance of evidence submitted at the hearing, which substantiates the findings.

This is a clear indication that the SHO did not rely on the reporting officer's handwriting analysis that Anderson had written the note. The SHO only relied upon that part of the RVR in which the reporting officer stated that the reporting officer discovered a handwritten note threatening to kill an officer and the had he had received notification that Anderson's fingerprints were on the note.  Anderson does not dispute or challenge this evidence.

The procedure followed by the California Department of Rehabilitations and Corrections in this case met the requirements of *Wolff –Hill*.  Anderson was (1) given advance written notice of the charges brought; (2) was not denied the right to call witnesses and present documentary evidence in his defense; (3) given a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken, and (4) the findings were supported by some

evidence in the record.  The fact that Anderson admitted to mailing the letter and his fingerprints were on it logically support the inference that, even if he did not write the note, he was aware of its contents.  Consequently, even if Anderson did not write the note, as the Superior Court found, he was nonetheless guilty.  Any error in failing to provide him a copy of the note was harmless, *i.e.*, it did not have a substantial and injurious effect or influence in determining the outcome.[14]

This Court cannot say that the decision of California Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[15]  Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

## V.  CONCLUSION and ORDER

Anderson is not entitled to relief under the ground raised in the petition.  Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[16]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  January 13, 2009.

s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

---

[14] *Fry v. Pliler, supra.*

[15] 28 U.S.C. § 2254(d).

[16] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

APPENDIX

Petitioner Carl Anderson ("petitioner"), through counsel, William L. Schmidt, contests a guilty finding in a disciplinary proceeding based on a June 10,2005, CDC Form 115, Rules Violation Report ("RVR"), Log #CMC-E-05-06-1567.  Petitioner alleges a due process violation on the grounds he was not provided with the evidence used to find him guilty at the disciplinary hearing.  Petitioner was found guilty of violating 15 CCR § 3005(c) Force of Violence, Threatening to Stab Peace Officer.  Petitioner claims that California Men's Colony ("CMC") failed to provide him with certain "exculpatory" evidence.

This petition was originally filed in the Superior Court of California, Solano County.  On December 1,2006, Superior Court Judge Ramona J.Garrett ordered the petition transferred to San Luis Obispo County because all of the events and actions related to petitioner's claim occurred while he was incarcerated at CMC.

The RVR indicates that C-Quad Officer P. Gorey discovered in the inmates outgoing mail an anonymous handwritten note in which the Warden's life was threatened.  Officer Gorey secured the note and was able to develop several latent fingerprints.  A fingerprint analysis at the Department of Justice revealed the fingerprints on the note were made by petitioner.  Reporting Employee Officer O.A. Hjerrild then obtained handwriting samples from petitioner's cell and compared them to the note and determined petitioner wrote the note.

Prior to the RVR hearing, petitioner was assigned an Investigative Employee.  The Investigative Employee interviewed petitioner, the Reporting Employee, Officer Gorey and all associated witnesses.  At the August 17, 2005 RVR Hearing petitioner stated, "The evidence is lacking. I do not have the handwriting examples to compare to the note.  I do admit to mailing the letter, but I did not write the note."  Based on (1) the RVR submitted by Reporting Employee Officer Hjerrild, (2) petitioner's admission that he mailed the letter; and (3) the Physical Evidence Examination Report which indicates petitioner's fingerprints were on the note, the Senior Hearing Officer ("SHO") found petitioner guilty of violating 15 CCR § 3005(c), "Threaten to Stab Peace Officer" and assessed 150 days credit loss for a Division "B" offense.

Petitioner appealed to the Second Level which confirmed the SHO's finding of guilt and that petitioner received copies of all evidence relied upon to support the SHO's finding of guilt.

Petitioner appealed to the Director's Level. However, the Director's Level refused to hear the appeal because petitioner's appeal was "granted" at the institutional level.  Even though the Director's Level refused to consider the appeal, the court finds that petitioner has exhausted his administrative remedies.

The essence of petitioner's claim is that he was denied access to the handwritten note and therefore "could not effectively mount a proper defense without having access to the evidence relied upon to convict him."

Petitioner alleges that because he was denied access to the note, he was prevented from showing he did not write the note. Pursuant to *Wolff v. McDonnell* (1974) 418 U.S. 539, petitioner argues the right to present documentary evidence at a disciplinary hearing is basic to a fair hearing.

Petitioner states, "Without the handwritten letter, petitioner is without any constitutional means of fairly presenting his defense."

In *Superintendent v. Hill* (1985) 472 U.S. 445, the Court summarized the holding of *Wolff* by stating:

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S., at 563-567, 94 S.Ct., at 2978-2980. *(Superintendent* at 454)

Petitioner argues that CMC "clearly violated their own rules by not providing petitioner with the evidence used against him." The SHO relied on three pieces of evidence in determining petitioner's guilt: (1) the RVR submitted by Reporting Employee Officer Hjerrild, (2) petitioner's admission that he mailed the letter; and (3) the Physical Evidence Examination Report which indicates petitioner's fingerprints were on the note. At least twenty-four hours prior to the hearing, petitioner was provided with copies of the RVR and Physical Evidence Examination Report. Consistent with the Second Level Review, the court concludes that petitioner was aware of, and was provided with, copies of the evidence used against him and relied upon by the SHO to determine petitioner's guilt.

The RVR confirms that petitioner "acknowledged receiving copies of the CDC-115 and all other pertinent documentation more than 24 hours prior to the hearing." At the hearing, petitioner stated that he did not have the handwriting samples to compare to the note. This implies that petitioner at least he had access to the note.

On June 16, 2005, petitioner acknowledged by his signature on a section on the RVR, that petitioner did not request any additional evidence or information. Also, the RVR has a typewritten entry stating that the Physical Evidence Examination Report and threatening letter were provided to petitioner on August 12, 2005, five days prior to the hearing.[1] This evidence of petitioner's receipt of the note and petitioner's acknowledgment on the RVR that he did not request any additional evidence or information far outweigh petitioner's claim he did not have access to the handwritten note.

---

[1] Petitioner's counsel provides a supplemental brief in which he concludes that upon review of the original RVR it is his opinion that the August 12, 2005 addition to the RVR was "in fact made after the document was typed referencing the August 17th hearing."

---

Petitioner's supplemental brief states, "The heart of petitioner's defense is that he is charged with writing a threatening letter he did not write." Petitioner misconstrues that nature of petitioner's rules violation. Petitioner was not found guilty of writing a threatening note, rather petitioner was found guilty of threatening to stab a peace officer based upon the mailing of a threatening note. Petitioner admitted to mailing the note and his fingerprints are on the note. Petitioner has

never claimed he was unaware of the contents of the note when he mailed the note. Whether or not petitioner wrote the note is not critical to the determination of guilt.

The court applies the deferential "some evidence" standard to review decisions regarding prison administration and discipline. (*In re Powell* (1988) 45 Ca1.3rd 894, 904; *In re Scott* (2003) 113 Cal. App 4th38, 44; *In re Estrada* (1996) 47 Cal. App. 4th 1688) Ascertaining whether some evidence exists to support the administrative decision "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by [the prison officials]." (*In re Rosenkrantz* (2002) 29 Cal.4th 616,665, quoting *Superintendent v. Hill* (1985) 472 U.S. 445, 455-456) Under the "some evidence" standard, there is "some basis in fact" for the Department of Corrections' decision. (*Powell, supra* at 904)

The court finds that there is "some evidence," and a basis of fact, for the SHO's decision of guilt on petitioner's RVR. Petitioner admits to mailing the threatening note, and petitioner's fingerprints were found on the note. Contrary to petitioner's claims, petitioner was not denied access to any evidence relied upon by the SHO to determine petitioner's guilt. Petitioner's alleged defense that he did not write the note would have little bearing on petitioner's culpability. Consequently, the court finds there were no due process violations.

Accordingly, the petition for writ of habeas corpus is denied.